E-FILED
Wednesday, 09 March, 2005  12:48:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CALVIN ANTHONY, Jr. ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05- |
| ) | |
| PROVENA ST. MARY'S HOSPITAL, ) | |
| Defendant. ) | |

**AMENDED COMPLAINT**

I. Preliminary Statement

1. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the race discrimination suffered by Plaintiff in his **termination** by Defendant.

II. Jurisdiction

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ § 2000e et seq., and the Civil rights Acts of 1991, 42 U.S.C. § 1981a.

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-5(f), and a right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on July 6, 2004, a true and accurate copy of which is attached hereto as Exhibit 1, based upon a charge affidavit timely filed with both the EEOC and the Illinois Department of Human rights, a true and accurate copy of which is attached hereto a Exhibit 2.

4. That this action is commenced before March 5, 2005 which is the expiration of the 90 day period from the date of actual receipt of the right-to-sue letter. The letter issued on November 30, 2004, and is presumed received according to Federal Rule of Civil Procedure 6(e) within 3 days of mailing. *See* Mosel v. Hills Dept. Store, Inc., 789 F. 2d 251 (3rd Cir. 1986) and Houston v. Sidley & Austin,185 F. 3d 837 (7th Cir. 1999). Therefore, the right-to-sue began to run December 3, 2004 and February's 28 days means that the 90 days runs on March 5, 2005.

5. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. § § 2201, 2202 and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C.§ 1981a.

6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Fed R Civ P 54.

### III. Venue

7. This action properly lies in the Central District of Illinois, Urbana Division, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. Parties

8. Plaintiff is a citizen and resident of the United States and Kankakee County, Illinois and is an African-American of black color.

9. Defendant Corporation is an employer, engages in an industry affecting commerce, and, upon information and belief employs 500 or more regular employees.

10. The Plaintiff was employed as one of eight similarly situated mechanics in the Facilities Management department.

## V.  Facts

11. Defendant first employed plaintiff on May 15, 1984.

12. When Plaintiff began in Facilities Management there were approximately 20 persons also working in that department.

13. Throughout Plaintiff's tenure with Defendant several people have been laid off, however, all previous lay offs were determined according to seniority.

14. Plaintiff was told that a position in Facilities Management needed to be eliminated due to budget concerns, and that Plaintiff was selected due to receiving the lowest performance evaluation score.

15. Upon E.E.O.C. investigation, it was determined that Plaintiff was ranked against only two other employees, while there are arguably 8 person in addition to Plaintiff who are similarly situated in the department.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Defendants unless Defendants are enjoined by this Court.

17. Despite ongoing diligent efforts to secure comparable position and wage, Plaintiff has been forced to accept the afternoon shift position.

18. Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discrimination

19. Plaintiff will suffer future pecuniary losses as a direct result of Defendants' discrimination.

20. Defendants engaged in discrimination against Plaintiff with malice or reckless indifference to Plaintiff's rights under Title VII.

## VI.  Cause of Action – Count I

21. Plaintiff incorporates as if re-alleged paragraphs 1 through 20.

22. Because race was a motivating factor and made a difference in the decision to reassign Plaintiff, Defendants violated Title VII.

## VII.  Prayer for Relief

23. Wherefore, Plaintiff prays that this Court:

    a. Declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

   b.  Enjoin Defendants from engaging in such conduct;

   c.  Restore Plaintiff to his rightful place as 2nd shift relief electrician or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

   d.  Award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual;

   e.  Award Plaintiff compensatory and punitive damages of less than $50,000;

   f.  Award Plaintiff costs and attorney's fees; and

   g.  Grant such other relief as it may deem just and proper.


Respectfully submitted,
Calvin Anthony, Jr., Plaintiff


By: _____/S/ CYNTHIA Y. COOPER_____
          Cynthia Y. Cooper
          His Attorney


Cynthia Y. Cooper
Attorney at Law
Atty. Reg. No. 6255780
1760 W. Station St., Suite 3
Kankakee, IL  60901
(815) 932-9600